IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0730
════════════
 
City of Houston, 
Petitioner,
 
v.
 
Allco, Inc., 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Justice Willett did not participate in 
this decision.
 
 
Allco, Inc. 
sued the City of Houston for breach of contract to provide sewer rehabilitation 
services and for declaratory judgment. After a bench trial, the trial court 
rendered judgment for Allco. The court of appeals affirmed, holding that the 
City’s immunity from suit is waived by a provision in its charter authorizing it 
to “sue and be sued, . . . contract and be contracted with, implead 
and be impleaded in all courts and places and in all matters whatever”.[1] 2004 Tex. App. LEXIS 5934, 
2004 WL 1471818, No. 01-02-00812-CV, at *3‑8 (Tex. App.–Houston [1st Dist.] July 
1, 2004). In this Court, Allco argues that the City’s immunity is also waived by 
section 51.013 of the Local Government Code, which states that a “municipality 
may sue and be sued, implead and be impleaded, and answer and be answered in any 
matter in any court or other place.” For the reasons explained today in Tooke 
v. City of Mexia, ___ S.W.3d ___ (Tex. 2006), we disagree that the City’s 
charter or section 51.013 contains a clear and unambiguous waiver of immunity 
from suit. We do not reach the question whether a municipality may waive 
immunity from suit; we hold only that the charter text is not such a waiver.
While this 
case has been pending on appeal, the Legislature has enacted sections 
271.151-.160 of the Local Government Code, which waive immunity from suit for 
certain claims against local governmental entities, including municipalities. 
Sections 271.152-.154 “apply to a claim that arises under a contract executed 
before [September 1, 2005] . . . if sovereign immunity has not been 
waived with respect to the claim” before that date. Act of May 23, 2005, 79th 
Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Allco should have 
the opportunity to argue in the court of appeals that the City’s immunity from 
suit is waived by these provisions.
Accordingly, 
we grant the City’s petition for review, and without hearing oral argument, 
Tex. R. App. P. 59.1, we reverse 
the judgment of the court of appeals and remand the case to that court for 
further proceedings.
 
Opinion 
delivered: June 30, 2006




[1] Act approved March 18, 1905, 29th Leg., R.S., ch. 17, 
art. II, sec. 1, 1905 Tex. Spec. Laws 131, 
131.